
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSSIE RAMOS and MELISSA ORTIZ, | No. 15-55397 |
| Plaintiffs-Appellees, | D.C. No. 5:12-cv-01089-BRO-SP |
| v. | |
| GARY SWATZELL, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| GUILLERMO GARCIA, Warden, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted October 7, 2016[**]
Pasadena, California

Before: TROTT, OWENS, and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Guillermo Garcia, former Warden at the California Institution for Women, appeals from the district court's denial of his motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 action brought by plaintiffs Jossie Ramos and Melissa Ortiz alleging deliberate indifference to their safety in violation of the Eighth Amendment. Specifically, plaintiffs allege that, in 2010, Garcia failed to take reasonable measures to protect them as inmates from sexual abuse by a correctional officer. As the parties are familiar with the facts, we do not recount them here. We review de novo a district court's order denying summary judgment on the ground of qualified immunity, *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000), and we affirm.

As a preliminary matter, the parties dispute whether we have jurisdiction to review this interlocutory appeal. This court's jurisdiction to review a denial of qualified immunity is limited to questions of law, and a district court's determination "that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834, 836 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009)). However, "[w]here disputed facts exist, . . . we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct." *Bingue v.*

2

*Prunchak*, 512 F.3d 1169, 1172-73 (9th Cir. 2008) (quoting *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam)).  Further, whether governing law was "clearly established" for purposes of qualified immunity, and whether specific facts constitute a violation of established law, are appealable legal questions.  *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).  Therefore, we have jurisdiction to determine, based on the facts as alleged by plaintiffs, whether Garcia is entitled to qualified immunity.

To determine whether qualified immunity applies, we consider: (1) whether the facts, taken in the light most favorable to the party asserting injury, show that the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the alleged violation.  *Pearson v. Callahan*, 555 U.S. 223, 232, 235-36 (2009).

Viewing the facts in the light most favorable to plaintiffs, the district court properly determined that there was a genuine dispute of material fact as to whether Garcia violated plaintiffs' Eighth Amendment rights by failing to take reasonable measures in response to the substantial risk that plaintiffs would be sexually abused.  *See Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."); *see also Farmer v. Brennan*, 511 U.S. 825, 828, 837 (1994)

(holding that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment," and a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety").

In addition, it was clearly established in 2010 that the failure to protect inmates from sexual abuse violated the Eighth Amendment. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise."); *see also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (discussing supervisor liability). Garcia argues that the law governing his duty as a supervisor was not clearly established because it did not alert him that the actions he took in response to the complaints would be insufficient. But his argument depends on accepting his version of the facts—not the facts in the light most favorable to plaintiffs, as our precedent requires. *See Jeffers*, 267 F.3d at 903.

Accordingly, the district court properly denied qualified immunity to Garcia. Each party shall bear its own costs on appeal.

**AFFIRMED**.

4